IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

WANDA GAYLE QUICK                                                                         PLAINTIFF

v.                                                             CIVIL ACTION NO. 3:12-cv-301-CWR-LRA

STRATEGIC RESTAURANTS                                                                     DEFENDANT
ACQUISITION COMPANY, INC.

### MEMORANDUM OPINION AND ORDER

Before the Court is Strategic Restaurants Acquisition Company, Inc.'s ("SRAC") motion for summary judgment, Docket No. 13, filed alongside its supporting memorandum, Docket No. 14. Plaintiff Wanda Gayle Quick ("Quick") has filed her response and memo. Docket Nos. 15, 16. The Court, having reviewed the parties' arguments and the attachments to the pleadings, finds that the motion is GRANTED.

### I. Factual and Procedural History

This is a trip-and-fall case arising out of Quick's May 24, 2011, visit to the Burger King restaurant at Crossgates Shopping Center in Rankin County, Mississippi, which is owned and operated by SRAC. Quick parked her car in the Burger King parking lot and, upon exiting the vehicle, began to walk toward the restaurant's entrance. After walking an estimated two or three feet, Quick's left foot was caught in a pothole in the parking lot's pavement. She does not remember whether she looked at the ground so that she would see the pothole as she walked. Caught in the pothole, Quick's foot rolled and she lost her balance, causing her to fall forward and land with her right arm extended. She suffered injuries to her leg and shoulder as a result of the fall, and later underwent surgery to correct her shoulder injuries.

Following the accident SRAC's district manager, Tom Cox, inspected the pothole. Additionally, Quick alleges that the manager of this particular Burger King restaurant would

regularly inspect the premises' indoor and outdoor spaces during all hours when the restaurant was in operation.

Quick filed suit in state court, seeking damages for negligence, in addition to non-economic and punitive damages. SRAC removed the case to this Court on May 1, 2012. SRAC now asks for partial summary judgment on Quick's negligence claim, arguing that Quick cannot show that its negligence, if any, created an unreasonably dangerous condition, thereby precluding her claim as a matter of law. This Court has jurisdiction over all claims and is prepared to rule.

## II. Standard of Review

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When confronted with these motions, the Court focuses on "genuine" disputes of "material" facts. A dispute is genuine "if the evidence supporting its resolution in favor of the party opposing summary judgment, together with any inferences in such party's favor that the evidence allows, would be sufficient to support a verdict in favor of that party." *St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987). A fact is material if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). The Court will "view the evidence and draw reasonable inferences in the light most favorable to the non-movant," *Maddox v. Townsend & Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011) (citations omitted), but unsubstantiated assertions are not competent summary judgment evidence, *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994).

### III. Law and Analysis

It is undisputed that Quick was a business invitee. Therefore, under Mississippi law, she must show (1) that SRAC's negligence caused her injuries; (2) that SRAC had knowledge of a dangerous condition and failed to warn her; or (3) that the condition had existed for a sufficient amount of time such that SRAC should have had knowledge or notice of the condition. *Stockstill v. Wal-Mart Stores, Inc.*, No. 1:05-cv-181, 2006 WL 1722284, *2 (S.D. Miss. June 21, 2006) (citing *Anderson v. B.H. Acquisition, Inc.*, 771 So. 2d 914, 918 (Miss. 2000)). SRAC, however, was under no duty to warn if the allegedly dangerous condition was "as well-known to the invitee as to the landowner." *Stockstill*, *supra* at *2. That is, SRAC owed no duty to Quick if the allegedly dangerous condition was known to her, or if it was or should have been obvious to an invitee exercising ordinary care. *Id.* (citing *Thompson v. Chickfil-a, Inc.*, 923 So. 2d 1049, 1052 (Miss. App. 2006)).

The dangerous condition that Quick complains of is a pothole located in the parking lot outside SRAC's restaurant. The Mississippi Supreme Court has frequently examined the issue of "trip-and-fall" liability where customers trip outside stores and has found—as a matter of law— that cracks in the pavement are obvious dangers that invitees should take care to avoid, and do not create a jury issue. *See Stockstill*, *supra* at *2 (collecting Mississippi cases finding that pavement cracks as small as three-quarters of an inch, and as large as large as seven and one-half inches, are obvious dangers and do not create unreasonably dangerous conditions); *see also Patten v. Wal-Mart Stores, Inc.*, No. 1:09-cv-257, 2010 WL 3937957, *2 & n.2 (N.D. Miss. Oct. 5, 2010) (collecting federal and state cases).

In this case, Quick has failed to direct this Court to any evidence suggesting that the pothole at issue should be considered unreasonably dangerous under Mississippi law. SRAC,

however, has offered un-rebutted evidence characterizing the pothole as a "shallow depression," no more than 10 inches around and one and one-half inches deep. Docket No. 13-1, at 54-55. Certainly, a minor defect such as this does not create an unreasonably dangerous condition under Mississippi law. *Cf. Parker v. Wal-Mart Stores, Inc.*, No. 3:05-cv-768, 2007 WL 672263, at *10 (S.D. Miss. Feb. 28, 2007) (finding that a sidewalk crack measuring three inches by three inches and two and five-eighths inches deep did not create an unreasonably dangerous condition). Quick's arguments that the defect should have been discovered and repaired in the course of the Burger King manager's regular inspections are of no moment in the absence of some showing that the hazard at issue was unreasonably dangerous under Mississippi law. *See, e.g.*, *Bond v. City of Long Beach*, 908 So. 2d 879, 882 (Miss. Ct. App. 2005) ("Our Courts have given recognition to the fact that all citizens should expect to encounter sidewalk cracks, variations and other minor defects which occur for various reasons including natural attrition."). Quick cannot overcome SRAC's showing that, as a matter of law, the condition at issue was a danger that should have been obvious to an invitee exercising ordinary care. Therefore, SRAC is entitled to summary judgment on her negligence claim.

## IV. Conclusion

For these reasons, SRAC's motion for summary judgment is GRANTED on the issue of negligence, and all other claims are dismissed as moot. A Final Judgment dismissing this case with prejudice shall follow.

**SO ORDERED**, this 28th day of March, 2013.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
